**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**KAREN JEAN VANDER GALIEN,**

**Petitioner,**

**v.** **Case No. 26-C-1693**

**KRISTIN PAWLAK,**

**Respondent.**

---

## SCREENING ORDER

---

Petitioner Karen Jean Vander Galien is challenging "multiple" convictions arising out of Fond du Lac and Oshkosh Counties. Petitioner cites "global" case numbers 2021CT672 (Oshkosh County) and 2023CF1011 (Fond du Lac County) in her brief supporting her petition, but she provides no further detail on the crimes she was convicted and sentenced for. She claims she was sentenced to eight years imprisonment, though it appears from the dockets of the cases she cites that she was only sentenced to six years imprisonment. She also provides no detail regarding her prior attempts to seek relief from her convictions. Petitioner states only that her attempts were "denied," but does not include what grounds were raised, when the appeals were filed, or the decisions resolving her petitions for review. Petitioner now files a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

We note at the outset that Petitioner appears to be seeking relief from judgments of more than one state court. If this is indeed her intent, Petitioner must file a separate petition covering the judgment or judgments of each court. Rule 2(e), Rules Governing § 2254 Proceedings.

Petitioner filed with her petition a request to proceed *in forma pauperis*. Under Rule 3 of the Rules Governing § 2254 Cases, Petitioner is required to file an affidavit of indigence as required by § 1915. She has done so, and I am satisfied that she lacks sufficient funds to proceed here. Accordingly, her request to proceed without prepayment of costs will be granted.

Pursuant to Rule 4 of the Rules Governing § 2254 Proceedings, I must give the case prompt initial examination:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Proceedings.

During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state court remedies. Petitioner's form seeking habeas relief is cursory in every respect. She provides no detail on the subject of the petition, her attempts to seek relief in state court, or the grounds for relief. Although she filed a supplemental "brief" in addition to her petition, it also provides none of this information. Absent more, I cannot tell whether she should be allowed to proceed or not.

"Habeas corpus petitions must meet heightened pleading requirements . . . ." *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254 Rule 2(c)). The petition must "specify all the grounds for relief available to the moving party," and "state the facts supporting each ground." 28 U.S.C. § 2255, Rule 2(b); *see also Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) ("The § 2254 Rules and the § 2255 Rules mandate "fact pleading" as opposed to "notice pleading," as authorized under Federal Rule of Civil Procedure 8(a)."). The reason for the heightened pleading requirement in habeas cases, as the Eleventh Circuit noted in *Borden*, is obvious:

> Unlike a plaintiff pleading a case under Rule 8(a), the habeas petitioner ordinarily possesses, or has access to, the evidence necessary to establish the facts supporting his collateral claim; he necessarily became aware of them during the course of the criminal prosecution or sometime afterwards. The evidence supporting a claim brought under the doctrine set forth in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), for example, may not be available until the prosecution has run its course. The evidence supporting an ineffective assistance of counsel claim is available following the conviction, if not before. Whatever the claim, though, the petitioner is, or should be, aware of the evidence to support the claim before bringing his petition.

*Id.* at 810. Were the rule otherwise, federal habeas would be transformed into "a vehicle for a so-called fishing expedition via discovery, an effort to find evidence to support a claim." *Id.* at 810 n.31.

Given the fact that a person seeking relief under § 2254 has already raised the same claim or claims in state court for which she now seeks federal review, and exhausted each level of review available in the state system, it should not be overly burdensome for the petitioner to describe those same claims with sufficient specificity to allow the federal court tasked with the job of screening her petition to determine whether a claim cognizable under § 2254 has been stated. This is not too much to expect of a petitioner before the State is ordered to undertake the task of filing an answer to the petition containing copies of all or almost all of the pleadings, hearing transcripts and briefs filed in what is often a lengthy state court proceeding. Generally, this task is made significantly less difficult by attaching a copy of the state court decision or decisions that rejected the petitioner's claims, as the prescribed form petition that can be found at the Eastern District of Wisconsin website requires.

Based on the foregoing, the petition is dismissed. The dismissal is without prejudice, however, and Petitioner will be granted leave to file an amended petition on or before November 23, 2026. In her amended petition, Petitioner must allege enough supporting facts to support each claim so that the State has some notice of what the claim is and the court can determine whether it

merits going forward. Failure to do so will result in dismissal of the action with prejudice. *Petitioner must also seek relief from the judgment of only one state court*. If she intends to seek relief from the judgment of more than one state court, she must file separate petitions.

Dated at Green Bay, Wisconsin this 9th day of October, 2026.

William C. Griesbach
United States District Judge